# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Curtis Pethley,                                        Case No. 21-cv-981 (JRT/TNL)

              Petitioner,

v.                                                                     **REPORT & RECOMMENDATION**

United States of America,

              Respondent.

---

Petitioner Curtis Pethley has filed a motion to adjust his conditions of supervised release pursuant to 18 U.S.C. § 3583, ECF No. 1. Because the Court lacks jurisdiction over the motion, it is recommended that this matter be dismissed without prejudice.[1]

## I. BACKGROUND

Pethley is currently detained at the Federal Correctional Institution located in Sandstone, Minnesota. In the motion, Pethley challenges 15[2] "special conditions" of supervision as "unconstitutional and/or unnecessary" and requests that they be vacated. These special conditions appear to arise out of two criminal cases that occurred outside the District of Minnesota.

---

[1] The Clerk's Office labeled the document filed by Pethley as a petition for a writ of habeas corpus, but only because there was no other way to commence this action. As explained below, a motion under § 3583 is not used to commence a new proceeding but, rather, is filed in the criminal matter in which the defendant was convicted. Pethley was directed by the Clerk's Office to submit the $5.00 filing fee for habeas matters, *see* ECF No. 2; 28 U.S.C. § 1914, but because there is no filing fee for motions under § 3583 and Pethley did not intend to open a habeas corpus proceeding in the first place, this Court will recommend that the filing fee be refunded to Pethley. In any event, Pethley cannot challenge the legality of his sentence through a habeas petition, 28 U.S.C. § 2255(e), and thus reconsideration of Pethley's motion under § 3583 as a habeas petition properly filed in this District would not do Pethley any good.

[2] Although labeled up through 19, the conditions are not sequentially numbered, resulting in a total of 15 at issue (1 through 4, 6 through 8, 12 through 19).

**A. Western District of Wisconsin: Case No. 3:17-cr-112**

In May 2018, Pethley pleaded guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2).  ECF Nos. 2 (Indictment), 34 (plea agreement letter), 35 (plea hearing) in No. 3:17-cr-112 (W.D. Wis.).  In August 2018, Pethley was sentenced to 60 months.  ECF No. 52 in No. 3:17-cr-112 (W.D. Wis.); *see* ECF No. 49 in No. 3:17-cr-112 (W.D. Wis.).

Among other things, Pethley's sentence included five special conditions of supervision.  Generally speaking, these special conditions required Pethley to: (1) provide all requested financial information; (2) submit to searches by a probation officer; (3) provide advance notification of "information technology" devices, for which the probation officer was "authorized to install applications to monitor any such devices owned or operated by [Pethley]"; (4) not possess any material containing sexually explicit conduct of minors; and (5) undergo psychosexual evaluations, which could include polygraph examinations, as approved by the probation officer and treatment if recommended by the evaluator.  ECF No. 52 in No. 3:17-cr-112 (W.D. Wis.).

Pethley did not appeal his conviction or sentence.

In November 2020, Pethley filed a "'motion for temporary restraining order [in the Western District of Wisconsin],' essentially asking to be released as he is concerned about the risk of coronavirus in the [Bureau of Prisons]."  ECF No. 64 at 1 in No. 3:17-cr-112 (W.D. Wis.); *see generally* ECF No. 58 in No. 3:17-cr-112 (W.D. Wis.).  This motion was ultimately treated as a request for compassionate release and subsequently denied.  *See generally* ECF No. 64 in No. 3:17-cr-112 (W.D. Wis.).  Pethley's requests for

reconsideration were also denied.  *See generally* ECF Nos. 65, 68, 69-70 in No. 3:17-cr-112 (W.D. Wis.).

On May 28, 2021, Pethley filed a "Petition for Impeachment and/or Adjustment of Conditions of Conditions of [sic] Supervised Release Pursuant to 18 U.S.C. 3583 Under 636(b)(1)(B)."  *See generally* ECF No. 73 in No. 3:17-cr-112 (W.D. Wis.).  This typed document is largely identical in content to the handwritten motion filed with this Court.

### B.  District of Oregon: Case No. 1:18-cr-374

In August 2018, Pethley pleaded guilty to one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349; one count of mail fraud in violation of 18 U.S.C. § 1341; and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A.  *See* ECF Nos. 14 (Information), 21 (plea agreement letter), 22 (petition to enter plea of guilty, certificate of counsel and order entering plea), 24 (plea hearing) in No. 1:18-cr-374 (D. Or.).  In February 2019, Pethley was sentenced to 33 months on each of the two mail-fraud counts with the sentences to run "concurrently to each other and concurrent to the sentence imposed in the Western District of Wisconsin but only up to 20 months."  ECF No. 39 at 2 in No. 1:18-cr-374 (D. Or.).  On the identity-theft count, Pethley was sentenced to 24 months with that sentence to be "consecutive to the sentences imposed [on the mail-fraud counts] and the sentence imposed in the Western District of Wisconsin."  ECF No. 39 at 2 in No. 1:18-cr-374 (D. Or.)

Among other things, Pethley's sentence included eight special conditions of supervision.  Generally speaking, these special conditions required Pethley to: (1) participate in mental-health treatment; (2) provide access to any requested financial

3

information; (3) not incur new credit charges or open additional lines of credit without approval; (4) not apply for any loan or enter into any lease agreement without approval; (5) pay any financial penalty imposed; (6) maintain a single checking and/or saving account; (7) file timely tax returns; and (8) submit to searches by a probation officer.

Pethley did not appeal his convictions or sentence.

## II. ANALYSIS

Under § 3583(e)(2), a sentencing court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." *See United States v. Johnson*, 529 U.S. 53, 60 (2000) ("The trial court, as it sees fit, may modify an individual's conditions of supervised release."); *see also United States v. Romig*, 933 F.3d 1004, 1005 n.1 (8th Cir. 2019) (noting that relief under § 3583(e)(2) is provided in the sentencing court).

Significantly, Pethley does not address this Court's jurisdiction. Nor does he provide information about whether he has previously challenged the special conditions at issue via other means. These special conditions were imposed by federal courts in the Western District of Wisconsin and the District of Oregon. Although Pethley may be presently confined in the District of Minnesota, his sentences and the accompanying special conditions were not imposed by this Court. Any request to modify those special conditions pursuant to § 3583 must be raised with the appropriate sentencing court (or, in Pethley's case, courts).[3] *See Johnson*, 529 U.S. at 60. Whatever relief might be available to Pethley

---

[3] And it appears that Pethley has already begun this process with respect to his sentence in the Western District of Wisconsin. *See generally* ECF No. 73 in No. 3:17-cr-112 (W.D. Wis.).

4

under § 3583 is not available to him here as this Court has no authority to modify Pethley's terms of supervised release.[4]  Accordingly, the Court will recommend that this matter be dismissed for lack of jurisdiction.  *See United States v. Mosby*, No. 06-cr-0280 (PJS/JSM), 2018 WL 3383430, at *3 (D. Minn. July 11, 2018) (noting that "the Eighth Circuit has consistently referred to questions of the authority of the district court under § 3583 as 'jurisdictional.'").

[Continued on next page.]

---

[4] "Most circuit courts that have addressed the issue have concluded that section 3583(e)(2) cannot be used to challenge supervised release conditions on legal or constitutional grounds."  *United States v. Delgesso*, 837 F. App'x 723, 725 (11th Cir. 2020) (per curiam); *see, e.g.*, *Delgesso*, 837 F. App'x at 725; *United States v. McLeod*, 972 F.3d 637, 641-42 (4th Cir. 2020); *United States v. Faber*, 950 F.3d 356, 359 (6th Cir. 2020) (collectively, citing precedent from the U.S. Circuit Courts of Appeal for the Second, Fifth, Sixth, Ninth, and Eleventh Circuits); *see also United States v. Austin*, No. CR 10-40043-01, 2021 WL 1909779, *4 (D. S.D. May 12, 2021) ("Despite the Eighth Circuit's not having specifically foreclosed use of a Motion under 18 U.S.C. § 3583(e) to challenge conditions of supervised release, other federal courts have done so."); *cf. United States v. Whitten*, 846 F. App'x 177, 178-79 (4th Cir. 2021) (per curiam) (addressing "changed legal circumstances").  "The Seventh Circuit alone takes a different view." *Faber*, 950 F.3d at 359 (citing *United States v. Neal*, 810 F.3d 512, 518 (7th Cir. 2016)); *accord McLeod*, 972 F.3d at 642.  Pethley was sentenced in federal courts located within the Seventh and Ninth Circuits.  The Court takes no position on whether relief is available to Pethley under § 3583(e)(2) in the appropriate sentencing courts.

### III. RECOMMENDATION

Based on the file, records, and proceedings herein, and for the reasons stated above,

**IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE**.  **IT IS FURTHER RECOMMENDED** that the Clerk of Court be **DIRECTED TO REFUND** the $5.00 paid by Pethley.

Date: June____24____, 2021            _____*s/ Tony N. Leung*_____
                                       Tony N. Leung
                                       United States Magistrate Judge
                                       District of Minnesota


                                       *Pethley v. United States*
                                       Case No. 21-cv-981 (JRT/TNL)


### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).